**DEBING YE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 13–70076.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Jan. 27, 2015.

Melanie Meie Yang, Esquire, Law Offices of Melanie M. Yang, San Gabriel, CA, for Petitioner.

Aaron Nelson, OIL, Manuel Palau, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Debing Ye, a native and citizen of China, petitions for review of the Board of Immi-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2). Thus, we reject Ye's request for oral argument.

\*\* This disposition is not appropriate for publi-

gration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on the inconsistency between Ye's testimony and household registration regarding when and why his wife's registration was cancelled, and based on the implausibility that Ye and his wife would leave their children in China despite a loan shark's threats to kill Ye's wife and children, when Ye testified the reason his wife fled China was because of these threats. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard); *see also Cui v. Holder*, 712 F.3d 1332, 1337–38 (9th Cir.2013) (adverse credibility finding supported in part by implausible testimony). In the absence of credible testimony, Ye's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Ye's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China. *See id.* at 1156–57.

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American–Arab Anti–Discrimination Committee (AADC)*, 525 U.S. 471, 483–85, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**

---

cation and is not precedent except as provided by 9th Cir. R. 36–3.